UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
PETER SCHIFF,                                               :
                                                            :
                      Petitioner,           :   Docket No.   cv
                                                            :
       - against -                                      :
                                                            :
QENTA INC., RESPONSIBLE GOLD TRADING DMCC,  :   **NOTICE OF REMOVAL OF**
and G-COMMERCE DMCC,                                        :   **ACTION UNDER 28 U.S.C**
                                                            :   **§ 1441(b)**
                      Respondents.         :
------------------------------------------------------------------ x

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

This Notice of Removal by respondents Qenta Inc. ("Qenta"), Responsible Gold Trading DMCC ("RGT"), and G-Commerce DMCC ("G-Commerce" and collectively with RGT and Qenta, "Respondents") is filed pursuant to 28 U.S.C. §§ 1441, 1446 and Local Civil Rule 81.1 in order to remove the above-captioned action from the New York State Supreme Court, County of Westchester, to the United States District Court for the Southern District of New York. Respondents respectfully state as follows:

1.    On July 29, 2025, Petitioner Peter Schiff ("Schiff" or "Petitioner") commenced a special proceeding entitled *Schiff v. Qenta Inc., et al.* by filing a Petition and Order to Show Cause, which was assigned Index No. 67774/2025, in the Supreme Court of the State of New York, County of Westchester (the "State Court").[1]

2.    On August 1, 2025, *ex parte*, the State Court (Jamieson, J.S.C.) signed Schiff's proposed order to show cause ("OSC"). NYSCEF #27. In the OSC, on an *ex parte* basis, State

---

[1] Copies of all prior papers filed in State Court are attached as Exhibit A to this Notice of Removal in the order they were filed on the New York State Courts Electronic Filing System ("NYSCEF"). References to those documents in this Notice are to their NYSCEF docket numbers.

Court entered a temporary restraining order (the "TRO") purporting among other things to preclude Respondents from transferring or restraining certain assets and directed service of the Order to Show Cause by email and overnight mail. State Court set a hearing for August 6, 2025 at 10:00 A.M.

3. The TRO does not state, nor to our knowledge has the State Court otherwise stated, the reasons why the TRO was issued. The TRO does not itself delineate the "Assets" to which it applies. Instead the TRO at best requires resort to an external document to understand what the subject "Assets" include. *Cf.* Fed. R. Civ. P. 65(d)(1)(C) ("every restraining order must . . . describe in reasonable detail – and not by referring to . . . [an]other document – the act or acts restrained or required.").

4. The TRO does not state the date and hour it was issued, does not describe the injury and state why it is irreparable, and does not state (nor to our knowledge has the State Court otherwise stated) why the order was issued without notice. The petitioner did not "clearly show that immediate and irreparable injury" would result to the Petitioner (who has no legal claim on the assets on issue) or to anyone else, nor did Petitioner's attorney explain why notice should not be required. The TRO does not contain any clear time limit. One of its two paragraphs appears to last "until further order of the court"; the other does not even contain that limitation. OSC, NYSCEF #27 at 2. *Cf.* Fed. R. Civ. P. 65(b)(1), (2).

5. On August 2, 2025, Petitioner's counsel emailed a copy of the signed OSC, the Petition and the accompanying papers to counsel for Respondents. Despite the requirements of CPLR 403(d), to Respondents' knowledge the petition has never been served in the same manner as a summons would be.

6. This Notice of Removal is being filed within thirty days of receipt of a copy of the Petition and Order to Show Cause by Respondents and it is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

7. The above-described action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and which may be removed to this Court by the Respondents pursuant to 28 U.S.C. § 1441. As set forth below, diversity jurisdiction exists as there is complete diversity between Petitioner and the Respondents pursuant to 28 U.S.C. § 1332(a)(3) and the amount in controversy exceeds $75,000.

8. Petitioner Schiff, an individual, is a United States citizen who is domiciled in Puerto Rico and resides in Dorado, Puerto Rico. (*See* Supplemental Affirmation of Peter Schiff in Support of Petition for Temporary Restraining Order, dated August 1, 2025, NYSCEF #26, at ¶ 3.) Schiff accordingly is a citizen of Puerto Rico for purposes of 28 U.S.C. § 1332. *See id*. § 1332(e).

9. Respondent Qenta is a Delaware corporation, with its principal place of business in Texas. *See, e.g.*, Affirmation of Peter Chema, NYSCEF #25 ("Chema Aff."), at ¶ 2. Qenta is accordingly a citizen of Delaware and Texas for purposes of 28 U.S.C. §§ 1332 and 1441. *See id*. § 1332(c)(1).

10. Respondent RGT is a Dubai free zone company incorporated under the laws of the United Arab Emirates with its principal place of business in Dubai, United Arab Emirates. RGT is wholly owned by Emergent Technology Ltd. ("Emergent"), an exempted company incorporated in the Cayman Islands with limited liability that has its principal place of business in Texas. Emergent in turn is wholly owned by Qenta Inc. (a citizen of Delaware and Texas, as noted above). RGT accordingly is a citizen of a foreign state and/or Texas and Delaware for purposes of 28 U.S.C. § 1332.

11. Respondent G-Commerce is a Dubai free zone company incorporated under the laws of the United Arab Emirates with its principal place of business in Dubai, United Arab Emirates. G-Commerce is wholly owned by Emergent, which as noted is an exempted company incorporated in the Cayman Islands with limited liability that has its principal place of business in Texas. Emergent in turn is wholly owned by Qenta Inc. (a citizen of Delaware and Texas, as noted above). G-Commerce accordingly is a citizen of a foreign state and/or Texas and Delaware for purposes of 28 U.S.C. § 1332.

12. This is, therefore, a dispute between citizens of different states (Puerto Rico on one side; Texas and Delaware on the other) over which the federal courts have subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), or alternatively a dispute between citizens of different states (Puerto Rico on one side; Texas and Delaware on the other), in which citizens of foreign states are additional parties and over which the federal courts have subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(3).

13. The amount in controversy is at least approximately $50 million, easily satisfying the threshold for federal jurisdiction. The underlying dispute between the parties concerns the disposition of certain assets held by investors in a failed financial entity founded by Petitioner known as Euro Pacific Intl. Bank, Inc. ("EPB"). The value of the assets at issue is at least approximately $50 million. Petitioner is, on paper, the shareholder of EPB but he no longer controls it, having been ousted by order of the Puerto Rican financial regulator (known as "OCIF," for Oficina del Comisionado de Instituciones Financieras) in 2022. That year OCIF appointed a trustee whom Respondents understand to be the authorized legal representative of EPB.

14. The OSC that Petitioner Schiff presented for signature and that the State Court signed seeks an order directing the Respondents to return "approximately $50 million in precious

4

metals [and] $19 million in cash, mutual funds, Subsidiary Shares . . . , and Assumed Contracts" to EPB. OSC, NYSCEF #27, at ¶ 1(a) (emphasis added). The TRO itself purports to restrain the Respondents from disposing "of any EPB Assets, including approximately $50 million in precious metals [and] $19 million in cash, mutual funds, Subsidiary Shares, and Assumed Contracts." *Id*. at 2 (emphasis added). To be sure, Respondents do not agree with Petitioner's calculations, but there is no dispute that the assets in question are worth *at least* approximately $50 million.

15. Written notice of the filing of this Notice of Removal will be provided to Petitioner, and a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Westchester pursuant to 28 U.S.C § 1446(d).

16. By filing this Notice of Removal, Respondents do not waive their right to assert any defenses that they could have asserted in the State Court, including but not limited to any defenses based on incorrect venue.

17. All prior papers filed in the Supreme Court of the State of New York, County of Westchester, are annexed hereto.

**WHEREFORE**, Respondents hereby respectfully remove the above-captioned action, now pending in the Supreme Court of the State of New York, County of Westchester, to this Court.

Dated: New York, New York
August 5, 2025

        KATSKY KORINS LLP

        By: /s/ *Elan R. Dobbs*
           Daniel Walfish, Esq.
           Elan R. Dobbs, Esq.

        605 Third Avenue
        New York, New York 10158
        Tel. 212-716-3293
        dwalfish@katskykorins.com

        *Attorneys for Respondents Qenta, Inc., Responsible Gold Trading DMCC, and G-Commerce DMC*