UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PETER SCHIFF,

                      Petitioner,

         - against -

QENTA INC., RESPONSIBLE GOLD TRADING DMCC,
and G-COMMERCE DMCC,

                      Respondents.
-----------------------------------------------------------------x

25 Civ. 6426 (PKC)

## ORDER TO SHOW CAUSE

      Justice Linda S. Jamieson of the Commercial Division, Westchester County entered a temporary restraining order ("TRO") in this matter on August 1, 2025. The TRO was entered pursuant to New York C.P.L.R. 7502(c) as an injunction in aid of arbitration. According to petitioner, the arbitration will be filed before the International Chamber of Commerce pursuant to the arbitration provision of the Purchase and Assumption Agreement. The TRO was entered on a substantial evidentiary record that included a Verified Petition, a 13-page affirmation of the petitioner with 16 exhibits, including the Purchase and Assumption Agreement, the Notice of Termination by Qenta Inc., a supplemental affirmation from the petitioner, consent orders relating to liquidation, and a memorandum of law.

      There is nothing irregular about the issuance of the TRO. At the time of issuance, it was well-supported by the evidentiary record: petitioner demonstrated a probability of success on the merits, including, for example, the failure of Qenta Inc. to obtain required regulatory approvals and, therefore, satisfy certain contractual precedents (ECF 1-1 at 29), a likelihood of irreparable injury from the dissipation of assets (Id. at 27), and a balance of the equities favoring petitioner (Id. at 30-31). The concern of dissipation of movable physical assets was a sufficient basis to proceed ex parte.

The issuance of a TRO or a preliminary injunction in aid of arbitration is not intended as an intimation of how the arbitrators who will hear the merits of the case ought to decide any issue in the case. Its purpose is to maintain the status quo to ensure that the arbitrators are able to render an effective and enforceable award.

Justice Jamieson's TRO fulfills that purpose by principally restraining the destruction of documents and the dissipating or transfer of property:

> SUFFICIENT CAUSE APPEARING, it is ORDERED that, pending the hearing or until further order of this Court, Respondents, their officers, agents, employees and persons acting in concert, are temporarily restrained from selling, transferring, encumbering dissipating, or disposing of any EPB Assets, including approximately $50 million in precious metals, $19 million in cash, mutual funds, Subsidiary Shares, and Assumed Contracts;
> ORDERED that, Respondents are prohibited from destroying, concealing, or altering any documents or records related to said Assets.

Defendants make much of the TRO's failure to meet the strictures of Rule 65, Fed. R. Civ. P., but cite no authority for the proposition that a state court judge must anticipate a defendants' removal of an action to federal court.

The Court will hear the parties orally on August 13, 2025, at 4 p.m. to address the following: (1) defendants' application to vacate the TRO; (2) continuation of the TRO; (3) setting of security for costs and damages to defendants; (3) setting of hearing on a motion for preliminary injunction and any briefing or submissions relating thereto..[1]

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
August 12, 2025

---

[1] Call in information is as follows: Dial-in: 1-855-244-8681; Access Code: 2305 810 3970 #.